UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

ADRIAN SUAREZ,

    Plaintiff,

vs.                                          CASE NO.:

CITY OF MIAMI BEACH, FLORIDA,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ADRIAN ("SUAREZ"), sues Defendant, CITY OF MIAMI BEACH, FLORIDA ("THE CITY"), and in support thereof states:

**JURISDICTION AND PARTIES**

1. This action seeks damages for violations of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e et seq.

2. This claim arose in Miami-Dade County and thus venue is appropriate in this Court.

3. Plaintiff, ADRIAN SUAREZ, is a White Hispanic male and at all times material hereto was employed by the Defendant, Miami Beach Police Department, as a Police Officer Trainee.

4. Defendant, CITY OF MIAMI BEACH, is a political subdivision of the State of Florida, and within the jurisdiction of this Court.

5. Declaratory, injunctive, equitable relief, lost wages, salary, employment benefits and other compensatory damages are sought pursuant to 42 U.S.C. 2000e-5. Costs and attorney's fees may also be awarded pursuant to 42 U.S.C. § 2000e-5(k).

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and 2343(4) and 42

USC § 2000e-5(f).

7. Plaintiff has exhausted any and all available administrative remedies or doing so would be futile. Plaintiff previously filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiff's Determination and Notice of Rights were issued on August 29, 2024, a copy of which is attached hereto as Exhibit "A".

## FACTS COMMON TO ALL COUNTS

8. In 2022, Plaintiff applied for the position of Police Officer with the Defendant.

9. By letter dated November 29, 2022, Plainitff received a stand-by Conditional Offer of Employment conditioned on passing the background investigation, psychological exam, medical exam, truth verification exam, and a final review of approval.

10. Subsequently, Plaintiff passed all the conditions precedent in order to be hired and started his position as a Police Officer Trainee.

11. On February 27, 2023, Plaintiff began the "Police Academy" at Miami-Dade College.

12. On March 23, 2023, while participating in a physical training exercise (running), Plaintiff and another male Police Officer Trainee were instructed by a female Training Advisor to stop, get on their knees, and remove their shirts.

13. At that time, Plaintiff believed he was being subjected to discrimination on the basis of his sex when the female Training Advisor asked him to remove his shirt.

14. It was apparent that no female Police Officer Trainee was being subjected, nor would have been subjected to the same treatment as Plaintiff.

15. As a result of the incident, Plaintiff attempted to speak with the supervisors at the Police Academy to advise them of his concerns regarding this incident.

16. Instead of addressing Plaintiff's concerns, he was instructed to write apology letters, one to a supervisor to whom he had expressed his objections to the disparate treatment on the basis of his sex, and the second to the Training Advisor who had made Plaintiff take off his shirt.

17. Thereafter, Plaintiff met with various supervisors from Defendant regarding the incident.

18. Then, by letter March 28, 2023, less than a week after the incident and Plaintiff expressing his objections to the disparate treatment on the basis of sex, Plaintiff was advised that he was being terminated from his position as a Police Officer Trainee immediately without any right of appeal.

19. Subsequently, the Defendant rescinded the termination letter in order to purportedly conduct an "investigation"; however, Plaintiff was not returned to the Police Academy.

20. After allegedly conducting an investigation, Defendant sent Plaintiff a second termination letter, again terminating his employment effective April 14, 2023, without any right of appeal.

21. Plaintiff believes that he has been subjected to discrimination on the basis of sex, as well as retaliated against after reporting and objecting to discrimination and harassment in violation of local, state, and federal laws.

## COUNT I - VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### Sex Discrimination

22. Plaintiff repeats and realleges paragraphs 1 through 21 as if stated fully herein.

23. Plaintiff has been subjected to disparate treatment on the basis of his sex when asked to remove his shirt during physical training while other female Police Officer Trainees were not asked

to do so.

24. As a result, Plaintiff has been subjected to discrimination on the basis of sex in violation of Title VII.

25. As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including but not limited to the following:

a. a declaration that the acts and practices complained of herein are in violation of Title VII;

b. enjoining and permanently restraining these violations of Title VII;

c. directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him, and making him whole for all earnings and other benefits he would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

d. compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

e. awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by Title VII;

f. trial by jury; and

g. such other relief as the court deems proper.

## COUNT II - VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
**Retaliation**

43. Plaintiff repeats and realleges paragraphs 1 through 21 as if stated fully herein.

44. Subsequent to Plaintiff expressing his objection to disparate treatment and harassment on the basis of sex, Plaintiff was terminated by Defendant.

45. Other similarly situated female employees of Defendant, who have not engaged in protected activity (objecting to disparate treatment on the basis of sex) have not been terminated from their employment.

46. As a result, Plaintiff has been subjected to retaliation based on having engaged in protected activity in violation of Title VII.

47. As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including but not limited to the following:

    a. a declaration that the acts and practices complained of herein are in violation of Title VII;

    b. enjoining and permanently restraining these violations of Title VII;

    c. directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him, and making him whole for all earnings and other benefits he would have received but for Defendant's discriminatory treatment, including but not

limited to wages, pension, and other lost benefits;

    d.    compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

    e.    awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by Title VII;

    f.    trial by jury; and

    g.    such other relief as the court deems proper.

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff, SUAREZ, submits this demand for jury trial for all issues triable of right by a jury pursuant to Rule 38, Fed. R. Civ. P.

    Respectfully submitted,

    TERI GUTTMAN VALDES LLC
    Counsel for Plaintiff
    1501 Venera Avenue, Suite 300
    Coral Gables, Florida 33146
    Telephone: (305) 740-9600

By:    s/Teri Guttman Valdes
    Teri Guttman Valdes
    Florida Bar No. 0010741